**In re Reginald Terrel SHELBY.**

**No. 1:03–BK–20777.**

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Aug. 16, 2004.

Robert J. Gibson, Barrett & Deacon, Jonesboro, AR, for Instant Auto Credit.

David Coop, Chapter 13 Trustee.

James W. Dickerson, Dickerson Law Firm, Jonesboro, AR, for Debtor.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM

AUDREY R. EVANS, Chief Judge.

Now before the Court is an Objection to Claim filed by the Chapter 13 Trustee on February 2, 2004. The Trustee objects to a claim filed by Instant Auto Credit Corporation ("**Instant Auto Credit**") in which Instant Auto Credit asserts a security interest in a 1998 Toyota 4Runner. During the trial held on July 7, 2004, the Court heard testimony from Wesley Abernathy, co-owner and manager of Instant Auto Credit and Abernathy Motor Company, and Darren Davis, a salesperson with Abernathy Motor Company. The Court also received documentary exhibits. The parties requested the opportunity to file post-trial briefs and were allowed to do so. Upon consideration of the trial testimony, documentary evidence and post-trial briefs, the Court orally ruled on August 4, 2004, making the following findings of fact and conclusions of law in accordance with Rule 7052 (made applicable to contested matters by Rule 9014(c)). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B), and the Court has jurisdiction to enter a final judgment in this case.

The Trustee objects to Instant Auto Credit's proof of claim because Instant Auto Credit did not attach to its proof of claim evidence that it had perfected its security interest in the Debtor's 4Runner prior to the Debtor's bankruptcy filing. The Debtor purchased the 1998 4Runner on August 8, 2003, and signed a security agreement and promissory note at that time. The Debtor also signed a statement agreeing to properly register the 1998 4Runner, and Instant Auto Credit gave Debtor all the necessary documents for applying for a new title, including the existing certificate of title. However, the Debtor did not apply for a new title until December 29, 2003, more than three months after filing bankruptcy. A title was issued on January 6, 2004, showing Instant Auto Credit as the lienholder. Instant Auto Credit acknowledges that there was no title indicating its lien issued at the time Debtor filed bankruptcy. However, Instant Auto Credit requests that the Court find an equitable lien in its favor. Instant Auto Credit also raised for the first time the issue of *res judicata* in that the Debtor's plan which listed Instant Auto Credit as a secured creditor was confirmed on April 5, 2004.

### The Equitable Lien

The first issue before me is whether an equitable lien in favor of Instant Auto Credit should be recognized such that its security interest in the 4Runner is perfected. Instant Auto Credit recognizes that it did not comply with Arkansas' Vehicle Titling Statute, but argues that it should be entitled to an equitable lien because the

Debtor did not fulfill his obligation to register the 4Runner within thirty days as required by Arkansas law (specifically Ark. Code Ann. 27–14–903(a)(1)) and obtain a new title to the vehicle showing Instant Auto Credit as lienholder. Acknowledging case law that holds a creditor must have done everything it was reasonably required to do under the circumstances to perfect its lien, Instant Auto Credit argues that it did everything it could do to protect its security interest by informing the Debtor of his obligations to register his vehicle and obtain a title within 30 days, and by providing Debtor with the necessary paperwork to do so. Instant Auto Credit contends that it had no reason to be concerned until 30 days had passed, and on the 31st day, the Debtor filed bankruptcy invoking the automatic stay. In sum, creditor asserts its equitable lien because it was the Debtor who failed to perform.

The Vehicle Titling Statute does not permit creditors to rely on their debtors to take the necessary steps to protect the creditor's security interests. Creditors must protect their own security interests. To provide this protection, Arkansas law allows an authorized lienholder to apply for registration and a certificate of title on behalf of the purchaser of a new or used automobile. *See* Ark.Code Ann. § 27–14–906. Because the lienholder had the right to protect itself, the Court cannot do for it what it could have done for itself. Clearly, it is in a lienholder's best interests to become authorized under this provision to apply for registration and title on behalf of a purchaser so that it may protects its security interests, especially where that lienholder is in the business of selling and financing cars.

Furthermore, even if Instant Auto Credit could prove that it was entitled to an equitable lien, the Trustee's avoidance powers trump equitable liens. *See In re*

*May,* 310 B.R. 405, 421–23 (Bankr. E.D.Ark.2004). Accordingly, Instant Auto Credit's claim was not perfected at the time Debtor filed bankruptcy, and the Trustee's avoidance powers allow it to avoid Instant Auto Credit's lien notwithstanding a contrary plan provision in Debtor's confirmed plan.

### *Res Judicata of Confirmed Plan*

I have carefully studied the conflict between the binding effect of a confirmed plan under 11 U.S.C. § 1327(c) and the claims allowance process. The issue arises and becomes a problem because of the timing of plan confirmation and claims allowance—plans are generally confirmed before the deadline for filing claims is even reached. Therefore, issues regarding claims are often not resolved prior to a plan's confirmation. Yet, the binding effect of a confirmed plan is clear under § 1327 and something I intend to uphold, provided due process concerns are met. *See generally In re Ramey,* 301 B.R. 534 (Bankr.E.D.Ark.2003). However, in this case, I need not delve into these difficult questions of law because the Order Confirming Debtor's Plan contains the following language:

> Whenever the plan confirmed by this order refers to the debt, debts, claim or claims of creditors, such reference shall be construed to mean allowed claim or allowed claims....

The language in the confirmation order is clear—the status of a creditor's claim cannot be ascertained until the claim is allowed. In this case, the Trustee filed its Objection to Claim on February 2, 2004, and Instant Auto Credit filed a response on March 5, 2004. Hearings on the matter were continued four times. Accordingly, litigation over Instant Auto Credit's claim has been ongoing, and its claim has not been allowed. In sum, the language in the

confirmation order provides a caveat for claims that have not yet been allowed—they remain "in play" until such time as they are allowed. Given the language of the confirmation order, Debtor's description of Instant Auto Credit as a secured creditor in the confirmed plan is not binding.

I do want to address a very good point made by Instant Auto Credit's counsel in his reply brief. Mr. Gibson noted that Instant Auto Credit had no opportunity to object to the treatment of unsecured creditors because it was listed as a secured creditor (and believed to be a secured creditor); this is a real concern, but I believe it may be answered by a plan modification and an opportunity to object before the modified plan is confirmed. Because the plan currently lists Instant Auto Credit as a secured creditor when it is not, the disallowance of Instant Auto Credit's claim requires the Debtor to modify his plan to treat Instant Auto Credit as an unsecured creditor. Given the Instant Auto Credit's new status as unsecured, it would follow that it would be allowed to object to Debtor's modified plan if it believes it has a valid objection to the treatment of unsecured creditors under Debtor's modified plan.

For the reasons described herein, it is hereby

**ORDERED** that the Trustee's Objection to Claim is **SUSTAINED**; Instant Auto Credit's claim is unsecured, and Debtor shall file a plan modification to that effect within thirty (30) days from the entry of this Order.

**IT IS SO ORDERED.**